IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NTUMBA TSHIHAMBA | : |
| Plaintiff, | : |
| v. | : |
| YAZAM INC., d/b/a EMPOWER | : Case No. 25-cv-3116 (JMC) |
| Defendant. | : |
| | : |

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

To grant Defendant Empower's Motion, this Court would have to join it in completely overlooking (at best) or blatantly disregarding (at worst) Plaintiff's clear allegations of Defendant's fraudulent activities. During the entire time Plaintiff worked as an Empower driver, Empower was well aware that (1) the D.C. Department of For-Hire Vehicles ("DFHV") had issued a cease-and-desist order to Empower for its violations of numerous provisions of the D.C. Code and Municipal Regulations, (2) the cease-and-desist order had been upheld by the Office of Administrative Hearings ("OAH"); and (3) beginning in 2023 (the year before Plaintiff began driving for Empower), the District of Columbia ordered that anyone caught driving for Empower would have his or her vehicle impounded immediately. Empower never shared this information with Plaintiff (or any other driver), allowing them to continue driving for Empower believing it was legal to do so. That Empower disagreed with the findings of DFHV and OAH and was appealing their decisions (which stood firmly in place at the tie

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030

Plaintiff began driving for Empower and when her vehicle was impounded) does not absolve it of fraud; Empower consciously chose to operate illegally, keeping all of its drivers in the dark and placing them at risk of impoundment.

Defendant Empower moves to dismiss, arguing that (1) Plaintiff fails to identify any false or misleading statements by Empower, and (2) all of Plaintiff's claims fail because they precede the D.C. Court of Appeals' determination that Empower is a rideshare company subject to the regulatory authority of the DFHV. Because Defendant is incorrect on both counts, its Motion should be denied.

## I.    Statement of Facts

### A.    Empower's Business Model and Control Over Drivers

Empower is a rideshare[1] service that dispatches drivers to customers on demand through a cell phone application, or "app," in certain markets within the United States, including since at least June 1, 2020, in the District of Columbia. (Compl. ¶¶ 7-8). The Empower app is free to download and install on a smartphone. (Compl. ¶ 10). On its website, https://driveempower.com, Empower pitches itself to consumers explicitly as a "rideshare" company, an alternative to Uber and Lyft:

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030

---

[1]    Colloquially, "rideshare company" (which, while something of a misnomer, has stuck in the public lexicon); in the language of the D.C. Code, a "private vehicle-for-hire company." D.C. CODE § 50-301.03(16B).

- 2 -



(Compl. ¶ 11)

Defendant Empower charges its drivers a monthly fee based on usage. (Compl. ¶ 12). A driver's subscription fee increases with the revenue he or she generates from completing rides; for example, in 2024, Defendant Empower's monthly fee for drivers began at $49.99 for earnings up to $250, and increased to $449.99 for earnings above $3,500. (Compl. ¶¶ 12-13). While Defendant Empower promises that drivers can set their own rates, in reality, Empower sets the default fares, and Empower drivers must take affirmative steps to modify

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030

them.  (Compl. ¶ 14).  Defendant Empower then collects and distributes the fares for rides booked through its app.  (Compl. ¶ 15).

Defendant Empower exercises control over its drivers in numerous ways; it provides GPS navigation through its app that drivers are expected to follow to the ride destination, it monitors driver performance through a rider feedback and ranking system, and it requires that drivers respond to riders' ride requests within a timeframe that is acceptable to Defendant Empower.  (Compl. ¶¶ 17-19).

Defendant Empower further boasts that it is better than Uber and Lyft for both Drivers and Riders, and at a reliably lower price point:

> **Better for Drivers**
>
> At Empower, we treat drivers like customers, because they are. Drivers set their own rates and get 100% of the fare. They have access to their own dedicated local customer support team and are provided with the information and tools they need to take control of their financial future.

> **Better for Riders**
>
> Riders using Empower pay 20% less on average compared to Uber or Lyft. Riders also can request a driver they feel safe with by limiting ride requests to favorite or same gender drivers.
>
> Get $10+in free rides when you sign up!

(Compl. ¶ 20)

**B.    Empower's Illegal Operations in the District of Columbia**

Vehicles for hire in the District of Columbia are regulated under the Taxicab Commission Establishment Act (the "Act") (D.C. CODE § 50-301 et seq).  (Compl. ¶ 24).

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030

- 4 -

Since its existence in the District of Columbia (dating back to at least June 2020), Empower has violated numerous provisions of the Act and other District of Columbia laws, including by failing to register with the DFHV (in violation of D.C. Code § 50-301.29a(12)[2], 31 D.C.M.R. § 1605.1[3], and 31 D.C.M.R. § 1902.1[4]), failing to carry the required automobile liability insurance for Empower drivers that provides coverage of at least $1 million per occurrence (in violation of D.C. CODE § 50-301.29c), failing to perform the comprehensive background checks on drivers (in violation of D.C. CODE § 50-301.29b(b)), and failing to ensure that the vehicles used to give rides on its platforms have undergone (and passed) annual safety inspections (in violation of D.C. CODE § 50-301.29a(4) and (5)).  (Compl. ¶ 25).

In November 2020, just a few months into its operation in the District of Columbia, DFHV issued an *ex parte* cease-and-desist letter to Empower, finding that it had violated at least three provisions of the D.C. Code and Municipal Regulations: (1) D.C. Code § 50-301.29a(12), requiring private vehicle-for-hire companies to register with DFHV; (2) 31 D.C.M.R. § 1605.1, requiring digital dispatch services to register with DFHV; and (3) 31 D.C.M.R. § 1902.1, requiring private sedan businesses to register with DFHV.  (Compl. ¶ 26).  Empower appealed the order before OAH and was unsuccessful; OAH granted summary judgment to DFHV, ruling that Empower is a private vehicle-for-hire company subject to DFHV's regulatory authority and upholding the cease-and-desist order. (Compl. ¶ 28).

---

[2]    Requiring private vehicle-for-hire companies to register with DFHV.
[3]    Requiring digital dispatch services to register with DFHV.
[4]    Requiring private sedan businesses to register with DFHV.

Beginning in 2023, the District of Columbia ordered that given the cease-and-desist order, anyone caught driving for Empower would have his or her vehicle impounded immediately. (Compl. ¶ 29). On February 29, 2024, the District of Columbia Court of Appeals reinforced that Empower is a private vehicle-for-hire company subject to the regulatory authority of the DFHV and the Act (D.C. Code § 50-301 et seq.). (Compl. ¶ 30).

### C. Plaintiff's History as an Empower Driver and the Impoundment of her Vehicle

On January 11, 2024, Plaintiff began driving for Empower. (Compl. ¶ 32). She paid all monthly fees required by Empower. (Compl. ¶ 33). As clearly pled in the Complaint, during the entire time she worked for Empower, Plaintiff was never informed by Empower of two critical facts: (1) that her personal automobile insurance would not apply in the event of a collision, and that she would need a special insurance policy in order to obtain coverage as a rideshare driver, and (2) that Empower was operating illegally in the District of Columbia, was violating District of Columbia laws, and that her vehicle was at risk of impoundment. (Compl. ¶¶ 34-35).

On February 22, 2024, Plaintiff was involved in a minor collision in the District of Columbia while working as an Empower driver. (Compl. ¶ 36). The Metropolitan Police Department responded, and upon learning that Plaintiff was driving for Empower, immediately impounded her vehicle. (Compl. ¶ 37). Plaintiff had to pay a substantial fine to reclaim her vehicle from the impound lot, which Empower did not reimburse. (Compl. ¶¶ 38-39).

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030

- 6 -

II. **Legal Standard**

Defendant moves to dismiss under Rules 9(b) and 12(b)(6). "Rule 9(b) requires that a pleader state with particularity the circumstances constituting fraud or mistake." *Anderson v. USAA Cas. Ins. Co.*, 221 F.R.D. 250, 252 (D.D.C. 2004). "Rule 9(b)'s particularity requirement ensures that the opponent has notice of the claim, prevents attacks on his reputation where the claim for fraud is unsubstantiated, and protects him against a strike suit brought solely for its settlement value." *Id*. at 253. Put differently, "the plaintiff who pleads fraud must reasonably notify the defendants of their purported role in the scheme." *Vicom, Inc. v. Harbridge Merch. Svcs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994) (internal quotations and citation omitted). The plaintiff must prove the "who, what, when, where, and how" with respect to the circumstances of the fraud. *Anderson*, 221 F.R.D. at 253 (internal quotations and citation omitted). However, "[t]here is nothing in the language of Rule 9(b) which requires plaintiffs to buttress fraud claims by pleading detailed *evidentiary* facts." *Computer Network Corp. v. Spohler*, No. 82-0287, 1982 WL 1296, at *2 (D.D.C. Mar. 23, 1982) (emphasis in original). "[T]he court must take as true all allegations of material fact and construe them in the light most favorable to the pleader in resolving a 9(b) challenge . . . ." *Id*. And, "[w]here a pleading does not satisfy the heightened requirements of Rule 9(b), the court should freely grant leave to amend." *Id*.

"When the sufficiency of a complaint is challenged by a motion to dismiss under Rule 12(b)(6), the plaintiff's factual allegations must be presumed true and should be liberally construed in his or her favor." *Smith v. D.C.*, 674 F. Supp. 2d 209, 211 (D.D.C. 2009) (citing *Leatherman v. Tarrant County Narcotics & Coordination Unit,* 507 U.S. 163, 164 (1993); *Phillips v. Bur. of Prisons,* 591 F.2d 966, 968 (D.C. Cir. 1979)). "A plaintiff need not make

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030

detailed factual allegations, but to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *VoteVets Action Fund v. United States Dep't of Veterans Affs.*, 992 F.3d 1097, 1104 (D.C. Cir. 2021) (internal quotations removed) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

### III. Argument

#### A. The Complaint satisfies Rule 9(b) and sets forth facts sufficient to establish a claim for fraud.

Defendant Empower's argument is predicated on a blatant misread of the Complaint. It claims that Plaintiff failed to allege with particularity what false and misleading statements were made by Empower with the intent to deceive her. (Def's Mot. at 6). This argument ignores the very clear language of the Complaint, where Plaintiff—in full satisfaction of Rule 9(b)—explicitly alleged that Empower mislead her about its operations with the intent to deceive her about its legitimacy and legal standing:

> 40. Plaintiff incorporates by reference the foregoing paragraphs and alleges that by recruiting and accepting drivers like Plaintiff onto its platform who booked rides that began and ended in the District of Columbia, and accepting payment of the monthly fee, **Defendant Empower falsely represented to Plaintiff that it was operating legally in the District of Columbia, when in fact it never has.**
>
> 41. **When Defendant Empower made those misrepresentations, it knew of their falsity.** Specifically, Defendant Empower knew it was violating District of Columbia law, knew of the cease-and-desist order, and was engaged in active litigation concerning the numerous judicial findings that it was operating illegally.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030

- 8 -

> 42. **Despite knowing that it was operating illegally in the District of Columbia, Defendant Empower never informed Plaintiff of this fact or its implications, including specifically the risk her car would be impounded.**
>
> 43. **Defendant Empower made this misrepresentation to Plaintiff with the intent to deceive Plaintiff about its business operations**, as well as the intent to induce Plaintiff to continue driving for Empower within the District of Columbia, thus increasing Defendant Empower's own sales revenue.
>
> 44. Plaintiff reasonably relied upon the misrepresentations referenced above by continuing to accept and perform rides in the District of Columbia from and for Defendant Empower.

(Compl. ¶¶ 40-44 (emphasis added)). Indeed, Defendant Empower does not even cite one of these paragraphs in its Motion.

It is true that "silence does not constitute fraud unless there is a duty to speak." *Kapiloff v. Abington Plaza Corp.*, 59 A.2d 516, 517 (D.C. Mun. App. 1948). "Such a duty can arise from a confidential, fiduciary, or special relationship between a plaintiff and defendant that justifies the imposition of the duty." *Doe v. Roman Cath. Diocese of Greensburg,* 581 F. Supp. 3d 176, 205 (D.D.C. 2022). "Alternatively, it can arise from a situation where a material fact is unobservable or undiscoverable by an ordinarily prudent person upon reasonable inspection." *Id.* (internal quotations and citation omitted).

Empower cannot seriously allege that it had no duty to inform its drivers that Empower, and the drivers, by extension, were operating illegally in the District of Columbia. Empower was not a passive player in this scheme; with the full knowledge that it had been operating illegally in the District of Columbia from day one, it continued to accept and recruit

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030

District of Columbia drivers onto its platform. It made no indication of its illegal operations or their implications on its website or app; rather, it made sure the public (including any potential drivers) believed it was a legitimate business acting to benefit the interests of both drivers and riders. In reality, it was—and remains—anything but.

After alleging that Plaintiff failed to identify any misleading statements made to her by Empower, Defendant then suggests that Plaintiff's claims must fail because the Court of Appeals' February 2024 decision was made after Plaintiff's vehicle was impounded. (Def's Mot. at 7). Again, Empower is wrong. As stated in the Complaint, Empower was on notice from November 2020 that it was operating illegally in the District of Columbia. (Compl. ¶ 26). The cease-and-desist order issued in November 2020 and upheld by OAH was very much in effect at the time Plaintiff began driving for Empower and when her vehicle was impounded. (Compl. ¶¶ 26-28). The District of Columbia's 2023 mandate that anyone caught driving for Empower shall immediately have her vehicle impounded was similarly in effect when Plaintiff signed up to drive for Empower and when she became an unknowing victim of the impoundment order. (Compl. ¶ 29).

Despite **years** of knowledge that it was operating illegally in the District (indeed, Empower made the conscious choice every day from at least November 2020 onwards to continue operating illegally), and that its drivers were subject to impoundment, Empower **never** informed Plaintiff of either fact. (Compl. ¶ 35). Empower's disagreement with District of Columbia's position does not absolve it of fraud. If the legal landscape matched Empower's imagination, any company who disagreed with a court's finding that it was operating illegally would be blameless in a fraud suit. To state the obvious, that is not—and never has been—the law. Defendant Empower's Motion must be denied.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030

- 10 -

### B. The Complaint sets forth facts sufficient to establish claims for unjust enrichment and disgorgement.

In a last-ditch attempt to dismiss Plaintiff's Complaint, Defendant Empower alleges that Plaintiff cannot satisfy the elements of unjust enrichment and disgorgement, remarking (in a truly baffling fashion) that "Plaintiff came out ahead" by driving for Empower. (Def's Mot. at 8). In what world does being purposefully misled about Empower's illegal operations and then having her vehicle be impounded constitute "coming out ahead?"

Just as she sufficiently pled her claim for fraud, Plaintiff has adequately pled her claims for unjust enrichment and disgorgement. "A party states a legally cognizable unjust enrichment claim when (1) the plaintiff confers a benefit on the defendant; (2) the defendant retains the benefit; and (3) under the circumstances, the defendant's retention of the benefit is unjust." *JSC Transmashholding v. Miller*, 70 F. Supp. 3d 516, 523 (D.D.C. 2014) (internal quotations and citations omitted). Plaintiff alleged each of these three elements verbatim:

> 49. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein, and further alleges that Plaintiff conferred a benefit on Defendant Empower by paying the monthly fee to drive for Empower in the District of Columbia.
>
> 50. Defendant Empower received the benefit by accepting Plaintiff's money despite the fact that Defendant Empower was not licensed to provide ridesharing services and was operating illegally in the District of Columbia.
>
> 51. It would be inequitable and unjust for Defendant Empower to retain the benefit of Plaintiff's money without providing licensed ridesharing services.

(Compl. ¶¶ 49-51).

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030

- 11 -

"[A]n illegal contract, made in violation of a statutory prohibition designed or police or regulatory purposes, is void and confers no right upon the wrongdoer." *Capital Constr. Co. v. Plaza W. Coop. Ass'n*, 604 A.2d 428, 429 (D.C. 1992). "[D]isgorgement is an equitable obligation to return a sum equal to the amount wrongfully obtained . . . ." *S.E.C. v. Banner Fund Intern.*, 211 F.3d 602, 617 (D.D.C. 2000). "An order to disgorge is not a punitive measure; it is intended primarily to prevent unjust enrichment." *Id*.

As Plaintiff alleged in the Complaint, Defendant Empower processed and accepted payment from Plaintiff, even though it was unlicensed as a rideshare company. (Compl. ¶¶ 56-57). Because it was unlicensed and operating illegally during the entire time Plaintiff worked for Empower, the transactions between Empower and Plaintiff are viod and unenforceable, and must be nullified. (Compl. ¶ 58). Accordingly, Plaintiff is entitled to disgorge all money Defendant Empower received from her. (Compl. ¶ 59).

Empower's belief that Plaintiff got "exactly what she bargained for" only underscores the ridiculousness of its position. (Def's Mot. at 8). Plaintiff **thought** she was paying a fee to work for a business in good standing; instead, she got her vehicle impounded because Empower failed to tell her that it (and she, by extension) were operating illegally in the District of Columbia. Plaintiff has adequately pled her claims for unjust enrichment and disgorgement, and Defendant's Motion must be denied.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, D.C. 20036

202-463-3030

IV. **Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss. Should the Court find Plaintiff's Complaint lacking in any fashion, Plaintiff respectfully requests leave to amend.

Dated: October 1, 2025                                Respectfully submitted,

                                                                        REGAN ZAMBRI LONG PLLC

                                                                        By:  /s/ *Emily C. Lagan*
                                                                                 Patrick M. Regan           D.C. Bar No. 336107
                                                                                 pregan@reganfirm.com
                                                                                 Christopher J. Regan     D.C. Bar No. 1018148
                                                                                 cregan@reganfirm.com
                                                                                 Emily C. Lagan              D.C. Bar No. 1645159
                                                                                 elagan@reganfirm.com
                                                                                 1919 M Street, NW, Suite 350
                                                                                 Washington, DC 20036
                                                                                 PH:  (202) 463-3030
                                                                                 FX:  (202) 463-0667
                                                                                 *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Plaintiff's Opposition to Defendant's Motion to dismiss was electronically filed and served on all parties.

                                                                                    */s/ Emily C. Lagan*